IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF TEXAS

| | |
|---|---|
| Joe Hunsinger<br>Plaintiff Pro-Se' | Case No:<br>**3-13CV4405-G** |
| V. | |
| AMERICAN CORADIUS<br>INTERNATIONAL LLC. and<br>BILL ME LATER, INC. | Civil Rights Violation Complaint<br>Trial By Jury Demanded |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

**Comes now** the Plaintiff Joe Hunsinger :

Plaintiff's Complaint is based on the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA), the Texas Debt Collection Practices Act, Chapter 392 (TDCPA) and the Texas Business and Commerce code, Subchapter E, Chapter 17, (DTPA), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. At all times hereinafter mentioned, The Plaintiff is a resident of Dallas County State of Texas. From here forward Joe Hunsinger, will be known as the Plaintiff.

## JURISDICTION AND VENUE

1

Jurisdiction of this court arises pursuant to *15 U.S.C. §1692k(d)* and which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 USC *§1331*. Plaintiff is a consumer and Defendants are a debt collector as defined in TFC 392.001(6). Chapter 392 of the Texas Finance Code (TFC) sets forth provisions governing the behavior of debt collectors in the act of collecting debts from consumer debtors. The Defendant AMERICAN CORADIUS INTERNATIONAL, LLC (hereafter know as Defendant # 1) is a third party debt collector and conducts business in the state of Texas and is located at 2420 Sweet Home Rd Ste 150, Amherst, New York 14228. Defendant was engaged in the act of debt collection, as defined by the TFC

1

392.001(5) when it called the Plaintiff on his telephone and in their collection letter. Defendant is also a "debt collector" as defined by 15 USC 1692a(6) and by the Texas Finance Code §392.001(2) and has a surety bond with the Secretary of the State of Texas.

2

BILL ME LATER INC. (hereafter known as Defendant # 2) is a national banking institution and also conducts business in the state of Texas and as such is governed under the FDCPA *15 U.S.C. §1692 et seq.* and by the Texas Finance Code Ann. 392.001(6). Defendant # 2 has also violated the Telephone Consumer Protection Act 47 USC §227.

3

Plaintiff brings this action to the facts from the collection activities of the Defendants on an account or alleged account that violated the civil rights of the Plaintiff and the law as outlined in the FDCPA *15 U.S.C. §1692 et seq.* and the TFC chapter 392.

## PRELIMINARY STATEMENT

4

Plaintiff is a consumer as defined by the FDCPA, 15 USC 1692a(3), the Texas Business and Commerce Code section §17.50(a)(1), and Texas Finance Code §392.001(1). Defendants #1 and # 2 have attempted to collect a debt as defined in the FDCPA 15 USC 1692(a)(5) and the TFC Section 392.001(2) and in debt collection as defined in the TFC Section 392.001(5). Defendant #3 has violated the TFC Section 392.306.

5

Defendants have also violated the TDCPA, and the DTPA.

## INTRODUCTION

6

Defendant #1 mailed a collection letter, dated November 2, 2012, to the Plaintiff.

7

On or about 11-6-2012 the Plaintiff received a phone call from Defendant #1 who was attempting to collect a debt from Plaintiff. This was the initial telephone communication Plaintiff had from Defendant # 1.

2

8

Defendant # 1 also made a second phone call to Plaintiff on 11-12-2013, in an attempt to collect on a consumer debt.  On both occasions the Plaintiff clearly identified himself as being the person whom he was looking for.  Defendant # 1 collection agent Andrew refused to give the Plaintiff the company's mailing address.  Plaintiff then spoke with Aaron, a supervisor, who did not give Plaintiff his Mini Miranda warnings and attempted to collect a debt from the Plaintiff.

9

Plaintiff sent Defendant # 1 a certified letter disputing and requesting debt validation, dated 12-4-2012  but received the validation from Defendant # 2, the original creditor, dated 12-9-2012.  A second debt dispute and request for validation of the debt was sent on 2-13-2013.   Again, the original creditor mailed validation of the debt to the Plaintiff, on 3-12-2013.

10

On 3-5-2012,  3-6-2012, and on 3-11-2012 the Plaintiff received collection calls on account ending in # 8932 from another debt collection company attempting to collect on said account. This happened within the 30 day validation period.  Plaintiff did not receive any debt validation from Defendant # 1.  Defendant sent the validation request to the original creditor each time the Plaintiff sent in his dispute and validation request.

11

To date Defendant #1 has failed to obtain verification of the debt and provide it to the Plaintiff.

12

Defendant # 2 had another debt collector call the Plaintiff  within the 30 day validation period three times in an attempt to collect a debt, on 3-5-2013,3-6-2013, and 3-11-2013.  In their first attempt to collect a debt from the Plaintiff, the Plaintiff clearly identified himself as the person who they were looking for.

13

Plaintiff send Defendant # 1 a certified letter disputing and requesting verification of the debt they had called about.  To date Defendant # 1 has failed to obtain verification of the debt and provide it to the Plaintiff.

14

Defendant # 2 is creditor and has participated in collection activity defined by TFC 392.001(6). Defendant # 2 attempted to collect a debt from the Plaintiff by placing hundreds and hundreds of phone calls to him on his cell phone by using an automated telephone dialing system(ATDS) and/or by using artificial or pre-recorded messages for the purposes of collecting a debt. When the Plaintiff answered the calls from the Defendant he would hear a moment of brief silence until a live representative would connect on the line.

15

The calls from the Defendant placed to the Plaintiff were not placed for "emergency purposes" as defined by 47 USC 227(b)(1)(A)(i).

16

Defendant # 2 hired Defendant # 1 and another debt collection company to collect on the account in question, knowing full well that Defendant # 1 had repeatedly violated the laws of the TFC and the FDCPA put in place to protect consumers in the past.

17

Prior to the filing of this case litigation the Plaintiff had attempted but was unable to negotiate an amicable settlement agreement out of court. Plaintiff with no option other than file the case before this honorable court.

## CAUSE OF ACTION ONE
## AGAINST DEFENDANT #1 UNDER FDCPA AND TFC

18

Plaintiff repeats and re-alleges each and every allegation.

19

Defendant # 1 violated the 15 USC 1692e(10) by refusing to give the Plaintiff the mailing address of the debt collection company calling him on or around 11-12-2012. Defendant # 1 also violated 15 USC 1692e(11) by not giving the Plaintiff his "Mini Miranda" warnings.

20

Defendant # 1 violated TFC Section 392.304(a) by refusing to give the Plaintiff the mailing address of the debt collection company calling him on or around 11-12-2012. Defendant # 1

also violated TFC Section 392.304(5)(A) and (B) by not giving the Plaintiff his "Mini Miranda" warnings.

21

Defendant # 1 violated the TFC Section 392.202(b) and (e) by not informing the Plaintiff one of three options the law mandates debt collectors to do when they receive a dispute and debt validation request.  And they were also mandated to send information informing and stating: Deny Accuracy, Admit Accuracy, or State They Need More Time.  Plaintiff did not receive anything from Defendant # 1.

22

Defendant # 1 violated TFC Section 392.304(19) when Plaintiff received *three* collection calls from another debt collection company attempting to collect a debt from said account within the debt validation period.  These calls where placed to the plaintiff on 3-5-2013, 3-6-2013 and 3-11-2013.

23

Defendant # 1 violated 1692g(b) from its collection activities and communication during the 30 day period , where they were inconsistent with the disclosure of the consumer's right to dispute the debt.

## CAUSE OF ACTON TWO
## AGAINST DEFENDANT #  UNDER THE FDCPA AND THE TFC

24

Plaintiff repeats and re-alleges each and every allegation.

25

Defendant # 2 violated the FDCPA  1692d(5) and the TFC Section 392.302(4) by causing Plaintiff's telephone to ring repeatedly, calling the plaintiff repeatedly, day after day several times a day.  Hundreds and hundreds of phone calls were placed to the Plaintiff by Defendant # 2 in a matter only a few months.

26

Defendant violated the TFC Section 392.306 by having actual knowledge of and using an independent debt collector  who repeatedly and continuously engages in the acts or practices that are prohibited by the TFC.

27

Defendant # 2 violated TFC Section 392.304(19) when Plaintiff received *three* collection calls from another debt collection company attempting to collect a debt from said account within the debt validation period.  These calls where placed to the plaintiff on 3-6-2013 and 3-11-2013. Defendant #2 was notified by Defendant #1 that the account in question had a dispute and debt validation request made by the Plaintiff which Defendant #1 received on 2-15-2013, in turn they notified Defendant # 2.  Thus  Defendant # 2 sent Plaintiff  the validation of the debt, dated 3-1-2013.  A validation of under the FDCPA is only valid if the debt collector obtains the validation from the original creditor and sends it out to the consumer making the request.

## CAUSE OF ACTION THREE AGAINST THE DEFENDANT UNDER TCPA

28

Plaintiff repeats and re-alleges each and every allegation.

29

Without prior consent the Defendant contacted the Plaintiff by means of Automatic telephone calls or prerecorded messages at a cell phone in violation of 47 USC 227(b)(1)(A)(iii).

30

Defendants placed calls to Plaintiff's cell phone using prerecorded voice knowing that it lacked consent to call his number.  As such, each call placed to Plaintiff was made in knowing and or willful violation of the TCPA, and subject to treble damages pursuant to
47 USC 227(b)(3)(C).

31

As a result of each call made in negligent violating of the TCPA, Plaintiff is entitled to an award of $500 in statutory damages for each call in violation of the TCPA pursuant  to
47 USC 227(B)(3)(B).

32

As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1500 pursuant to 47 USC 227(B)(3)(B) and 47 USC 227(B)(3)(C).

## CAUSE OF ACTION FOUR AGAINST THE DEFENDANT UNDER TDCPA, TEXAS FINANCE CODE, TDTPA, AND THE TEXAS BUSINESS COMMERCIAL CODE

33

Plaintiff repeats and re-alleges each and every allegation.

34

A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Texas Finance Code §392.404(a). Defendant # 1 and # 2 violated Texas Business Commercial Code § 17.50(h). Adjudging that Defendant violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E.

35

**WHEREFORE,** the Defendant has violated the Fair Debt Collection Practices Act, Plaintiff demands judgment for their violations of the FDCPA plus additional judgment from their violations of the Texas Finance Code and the TCPA, plus all cost of this action along with punitive damages as the court may allow, an apology for trashing Plaintiffs civil rights, award Plaintiff actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h), awarding Plaintiff three times actual damages, pursuant to Texas Business Commercial Code § 17.50(h). Along with Private Attorney General fees as prescribed by law Graziano v. Harrison, 950 F. 2nd 107, 113 (#d Cir. 1991), 15 U.S.C. sec. 1692k(a)(3), (see Zagorski v. Midwest Billing Services, Inc., F. 3d--- (1997 WL 695401, 7th Cir.) or 128F. 3d 1164 (7th Cir., 1997), along with all other relief to which Plaintiff may be justly entitled.

Respectfully submitted November \ , 2013.

Joe Hunsinger
Plaintiff Pro-Se
7216 C.F. Hawn Frwy.
Dallas, Texas 75217
Joe75217@gmail.com
214-682-7677

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint/summons vs. AMERICAN CORADIUS INTERNATIONAL LLC. and BILL ME LATER, LLC. will be served upon the Defendants registered agents with affidavit of service by Process Service Receipt to be submitted to the Clerk of the Court.

November 1, 2013.

Joe Hunsinger
Plaintiff Pro-Se
7216 C.F. Hawn Frwy.
Dallas, Texas 75217
Joe75217@gmail.com
214-682-7677

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Joe Hunsinger

**DEFENDANTS**
AMERICAN CORADIUS INTERNATIONAL LLC. and
BILL ME LATER, INC.

(b) County of Residence of First Listed Plaintiff **DALLAS**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED NOV 1 2013 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Pro Se'

Attorneys (If Known)

**3-13CV4405-G**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 USC 1692**
Brief description of cause:
**VIOLATIONS ENACTED BY CONGRESS AND THE TEXAS LEGISLATURE**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE **11/01/2013**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____